Ben WEBB, Appellant,

v.

ELKHORN COAL COMPANY et al.,
Appellees.

Court of Appeals of Kentucky.

Nov. 23, 1960.

As Modified on Denial of Rehearing
Feb. 24, 1961.

**534**

---

C. W. Napier, Hazard, for appellant.

J. W. Craft, Jr., Hazard, for appellees.

MILLIKEN, Judge.

This is an appeal from a judgment affirming a denial of compensation by the Workmen's Compensation Board.

The appellant, Ben Webb, a 57-year old worker in the coal fields, was forced to quit work in March, 1957, after fourteen months of employment by the Elkhorn Coal Company as a hauler of coal. He previously had been employed for over thirty-five years in various capacities by other employers in the coal mining industry, over thirty years inside the mines and the later years on the outside. The Board stated in its opinion that "It is apparent * * * that the plaintiff (Webb) has silicosis and that he incurred the disease while working for employers many years before he started with the defendant (Elkhorn)." The Board found that Webb is suffering from both silicosis and anthracosis, but that he "did not suffer an injurious exposure to the hazards of the disease of silicosis or anthracosilicosis while in the employment of the defendant (Elkhorn) * * *."

Without detailing the evidence, Webb's own testimony and that of his medical witnesses overwhelmingly support the Board's conclusion that his condition, whether caused by silicosis, anthracosis or a combination of both, antedated his employment by Elkorn which, incidentally, offered only one medical witness, but rested its case largely on the testimony offered by and on behalf of Webb.

We have the sad plight of a disabled man whose working years have been devoted to the coal mining industry, but whose recourse for his disability against the industry itself is not clearly defined by statute. On the record before us which was carefully considered by the referee of the Board, the Full Board and by the Circuit Court with uniform conclusions against Webb's claim, it is clear that Elkhorn is not liable for the accumulated exposures Webb suffered in his many years in the industry before his fourteen months' employment in outside work with Elkhorn. There is no evidence to support a finding that Webb had an "injurious exposure" during his employment with Elkhorn which would *"produce or cause the disease for which claim is made."* KRS 342.316(1) (b). Without such an "injurious exposure" while in the employment of Elkhorn, the latter is not liable to him for compensation. KRS 342.316(12).

The judgment is affirmed.